# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NICHOLAS, et al., <br><br> Plaintiff, <br><br> v. <br><br> LANCE CAMPER MFG CORP., <br><br> Defendants. | Case No.: 17-CV-1489 W (NLS) <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [DOC. 15]** |

Plaintiffs Timothy Nicholas and Kay Nicholas seek leave to file a First Amended Complaint ("FAC"). Defendant Lance Camper MFG Corp. opposes.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** the motion [Doc. 15].

///
///

1

## I. DISCUSSION

This lawsuit arises from Plaintiffs purchase of a recreational vehicle ("RV") from a San Diego dealer in February 2016. (*See Proposed FAC*[1] ¶¶ 3, 5.) In an apparent attempt to avoid paying California sales tax, Plaintiffs took delivery of the RV in Arizona. (*Id.* ¶¶ 8, 9, 61.) Unfortunately, after taking delivery of the vehicle, Plaintiffs discovered numerous defects with the vehicle, and now seek the protection of California law. Accordingly, on June 21, 2017, Plaintiffs filed a lawsuit against Lance Camper MFG, Corp., one of the defendants who was more than happy to assist Plaintiffs in avoiding paying California sales taxes. (*See Notice of Removal* [Doc. 1], Ex. A [Doc. 1-2].)

On July 24, 2017, Lance Camper removed the lawsuit to this Court. Plaintiffs now seek to amend the Complaint to add, among other things, fraud-based causes of action and the dealer as a defendant. Lance Camper opposes the motion to the extent Plaintiffs seek to add the fraud-based causes of action. Lance Camper contends the amendment should be denied because the amendments would be futile and because Lance Camper will be prejudiced given Plaintiffs undue delay in seeking leave to amend.

## II. STANDARD

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). Five factors are taken into

---

[1] The Proposed FAC is attached as Exhibit A [Doc. 15-2] to Plaintiffs' Memorandum of Points and Authorities ("P&A" [Doc. 15-1]). (*P&A* 3:24–25.)

account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

## III. DISCUSSION

### A. **Futility**

Lance Camper argues that allowing Plaintiffs leave to amend to add the fraud claims would be futile because they cannot maintain the claims. (*Opp'n* [Doc. 17] 6:25–26.) In support of this argument, Lance Camper raises two theories. (*Id.* 6:28–9:16).

Lance Camper's first argument asserts that Plaintiffs' fraud and misrepresentation claims are premised on defendants attempt to deprive Plaintiffs of their rights under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"). (*Opp'n* 7:8–12.) According to Lance Camper, because Plaintiffs allege "throughout the FAC that title passed to them in California… and the lemon law (Song-Beverly) applies to their claim," Lance Camper argues Plaintiffs were not deprived of those rights and could not have suffered harm. (*Id.* 7:2–14.) There are two problems with this argument. First, it remains unclear whether Plaintiffs are entitled to sue under the Song-Beverly Act given that they took delivery of the RV in Arizona. In short, it is unclear whether Plaintiffs have been "deprived" of their rights under the Song-Beverly Act. Second, and perhaps more importantly, Plaintiffs are allowed to plead alternative facts and theories. Lacey v. Maricopa Cty., 693 F.3d 896, 918 n. 10 (9th Cir. 2012). Thus, Plaintiffs' allegation that title passed in California and the Song-Beverly Act applies to them does not preclude Plaintiffs' fraud based claims.

Lance Camper next alleges that leave to amend should be denied because the proposed FAC is not plead with sufficient particularity. Federal Rule of Civil Procedure Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge,

3

and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The rule applies to all causes of action based in fraud. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1102–5 (9th Cir. 2003). It requires "the circumstances constituting the alleged fraud [to] be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." <u>Id.</u> at 1106 (internal citations and quotation marks omitted). Thus, to survive a challenge based on Rule 9(b), a complaint must allege the "who, what, when, where, and how" of the misrepresentation. <u>Id.</u> The complaint must also explain why the representation complained of was false. <u>Id.</u>

Here, Plaintiffs' fraud cause of action omits any information regarding the who, when, where and what was said. However, although the fraud-based claims are insufficiently pled, leave to amend should only be denied if the court "determines that the pleading could not possibly be cured by the allegation of other facts." <u>Ebner v. Fresh, Inc.</u>, 838 F.3d 958, 968 (9th Cir. 2016) (overruled on other grounds) (citing <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995). That is not the case here. Nothing prevents Plaintiffs from being able to plead their fraud-based claims with the particularity required by Rule 9(b). Because Plaintiffs may be able to plead sufficient facts to support their fraud-based claims, Lance Camper has failed to establish that allowing Plaintiffs leave to amend would be futile.

**B.     Prejudice**

Lance Camper contends that it will suffer prejudice if Plaintiffs are granted leave to amend to add the fraud claims. Specifically, Lance Camper contends that because Plaintiffs delayed in seeking leave to amend, it will have "little to no time to file a responsive pleading and defend against the new fraud claims" based on the current pretrial deadlines in the scheduling order. (*Opp'n* 9:19–21.) Additionally, Lance Camper complains that the new fraud claims would expand the scope the litigation and delay proceedings by requiring additional discovery. (*Id.* 10:3–23.)

Generally, the most important factor in evaluating leave to amend is whether there will be prejudice to the opposing party. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing leave to amend has the burden of showing prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Thus, Lance Camper bears the burden of demonstrating prejudice.

In support of the contention that Plaintiffs unduly delayed in bringing the motion to amend, Lance Camper cites Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149 (9th Cir. 1989). That case, however, involved a delay of several years, and two previous amendments to the complaint. Id. at 1161. In contrast, here, the scheduling order was issued on October 13, 2017. (*See Scheduling Order* [Doc. 14].) Plaintiffs' motion to amend was filed just one month later, and only four months after the case was removed. Moreover, when Plaintiffs filed the motion, several months remained before the discovery deadline, the pretrial motion deadline is not until July 27, 2018, and the pretrial conference is not scheduled to occur until November 26, 2018. (*Id.* ¶¶ 2, 8, 18.) In short, Lance Camper's claim of undue delay lacks merit.

Moreover, although Lance Camper complains that the addition of the fraud claims will expand the scope of discovery, there is no dispute that even before the scheduling order was issued, Plaintiffs indicated their plans to conduct fraud-related discovery. (*Opp'n* 10:3–14.) Thus, since the start of discovery Lance Camper has known about Plaintiffs desire to pursue the fraud related claims. This is not the case where a defendant is being asked to defend against a new theory introduced late in the litigation.

Finally, it is also worth noting that Lance Camper does not oppose Plaintiffs addition of a new defendant to the lawsuit, which by itself will require a delay in the proceedings. For all these reasons, the Court finds allowing Plaintiffs leave to amend the Complaint to add the fraud claims will not prejudice Lance Camper.

## IV. CONCLUSION & ORDER

For the reasons stated above, Plaintiff's motion for leave to amend is **GRANTED** [Docs. 15]. Plaintiffs, however, are cautioned that the current proposed FAC fails to adequately plead the fraud claims. To the extent Plaintiffs intend to pursue those claims, they must amend the allegations to comply with Federal Rule of Civil Procedure 9(b). Additionally, the FAC must be filed on or before **April 10, 2018**.

**IT IS SO ORDERED.**

Dated: March 27, 2018

Hon. Thomas J. Whelan
United States District Judge